UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER CAMPBELL,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**DIRECT RECOVERY SERVICES, LLC; and DOES 1 through 10, inclusive,**<br><br>　　　　Defendants. | **Civil Action No.:**<br><br>**Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Jennifer Campbell (hereinafter "Plaintiff"), an individual consumer, against defendant Direct Recovery Services, LLC (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), and the Louisiana Fair Debt Collection Practices Act, Revised Statute 9:3562, *et seq.* (hereinafter ''LFDCPA''), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## III.   PARTIES

4.  Plaintiff, Jennifer Campbell, is a consumer, a natural person allegedly obligated to pay any debt, residing in Jefferson Parish, in the state of Louisiana.

5.  Defendant, Direct Recovery Services, LLC is a foreign limited liability company engaged in the business of collecting debt in this state with its principal place of business located in the state of New York.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendants Does 1 through 10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

## IV.   FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff and third parties to collect or attempt to collect a debt originally held by Citibank-Gordon's.

9. The alleged debt is a credit card debt. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. Upon information and belief, on March 23rd, Defendant's agent "Sylvia Holt," called Plaintiff's parents-in-law, William and Karen Campbell, at telephone number 504-467-9872 and left a voicemail message directing Plaintiff's former parents-in-law to have Plaintiff call Defendant at telephone number 855-269-9628.

11. Upon information and belief, on March 23rd, Defendant's agent, "Sylvia Holt," called Plaintiff's former parents-in-law, Barbara and Ronald Wimprine, at telephone number 504-738-7040 and left a voicemail message directing Plaintiff's former parents-in-law to have Plaintiff call Defendant at telephone number 855-269-9628.

12. Upon information and belief, on March 23rd at approximately 7:30 p.m. Defendant's agent, "Sylvia Holt," called Plaintiff's father, David Meaux, at telephone number 504-467-2527 from telephone number 718-412-9413 and left a voicemail message directing Plaintiff's father to have Plaintiff call Defendant at telephone number 855-269-9628.

13. Defendant sent a collection letter entitled "Notice of Pending Action" to the home of Plaintiff's father, David Meaux, via first class mail, dated March 23rd, 2013, alleging that Plaintiff owed a debt and, inter alia, that Defendant had reported Plaintiff's alleged delinquency to her credit bureau.

14. Defendant sent a collection letter entitled "Notice of Pending Action" to the home of Plaintiff's father-in-law, William Campbell, via first class mail, dated March 23rd, 2013, alleging that Plaintiff owed a debt and, inter alia, that Defendant had reported Plaintiff's alleged delinquency to her credit bureau.

15. Defendant constantly and continuously calls Plaintiff in an attempt to collect an alleged debt.

16. For instance and without limitation, during the period of March 27th, 2013 and March 29th, 2013, Defendant called Plaintiff on her cellular telephone, telephone number 504-606-0317 eight (8) times from telephone number 718-412-9413 in an attempt to collect an alleged debt, including four (4) times on March 28th, 2013.

17. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, and embarrassed, amongst other negative emotions.

18. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V. FIRST CLAIM FOR RELIEF

19. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA; and

(b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

(c) Defendant violated *§1692e(10)* of the FDCPA by using false or deceptive means in an attempt to collect an alleged debt; and

(d) Defendant violated *§1692f* of the FDPCA by using unfair or unconscionable means in an attempt to collect an alleged debt.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Jennifer Campbell for actual damages, statutory damages, and costs and attorney fees.

### *VI.  SECOND CLAIM FOR RELIEF*

23. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

24. Defendant violated the LFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated LFDCPA § 9:3562 by contacting Plaintiff's father, former parents-in-law and current parents-in-law and requesting that they deliver a message to client on behalf of

>Defendant, without Plaintiff's consent and without having reason to believe that Plaintiff had changed place of employment or had moved from her last known address.

25. As a result of the foregoing violations of the LFDCPA, Defendant is liable to the plaintiff Jennifer Campbell for actual damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff, Jennifer Campbell, respectfully requests that judgment be entered against defendant Direct Recovery Services, LLC for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and LFDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VII.   *DEMAND FOR TRIAL BY JURY*

PLEASE TAKE NOTICE that plaintiff, JENNIFER CAMPBELL, demands trial by jury in this action.

DATED this 30th day of April, 2013.

                                     RESPECTFULLY SUBMITTED,

                                     /s/ Nicholas M. Graphia
                                     Nicholas M. Graphia (SBN 33159)
                                     Law Office of Nicholas M. Graphia, LLC
                                     767 Florence Street
                                     Baton Rouge, LA 70806
                                     Tel: (225) 955-4266
                                     Fax: (888) 909-6892
                                     ngraphia@nmglegal.com
                                     ATTORNEYS FOR PLAINTIFF